UNITED STATES DISTRICT COURT
DISTRICT OF EASTERN MASSACHUSETTS

Educational Credit Management Corporation,
        Plaintiff

v.

First Capone V, Inc. d/b/a
Al Capone Downtown Crossing,
        Defendant

Civil Case No.

## COMPLAINT

NOW COMES the Plaintiff, Educational Credit Management Corporation ("ECMC"), seeking relief against First Capone V, Inc. d/b/a Al Capone Downtown Crossing ("Defendant"), and alleging as follows:

### PARTIES

    1.    ECMC is a private, non-profit Minnesota corporation and guaranty agency and, pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410 (b)(9), has the authority to pursue this lawsuit.

    2.    The Defendant is a corporation organized under the laws of the Commonwealth of Massachusetts and operates the business known as Al Capone Downtown Crossing, located at 82 Summer Street, Boston, Massachusetts.

### JURISDICTION

    3.    This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R. § 682.410(b)(9)(i)(F).

### VENUE

    4.    Because the Defendant is operating a business in Boston, Massachusetts, venue for this action is proper in the Eastern District of Massachusetts pursuant to 28 U.S.C. § 1391(c).

### FACTUAL ALLEGATIONS

    5.    Under Title IV, Part B, of the Higher Education Act of 1965 (HEA), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to finance eligible students' post-secondary education. *See* 20 U.S.C. §§ 1071(a),

1085(d). The federal government encourages the making of these loans by having the U.S. Secretary of Education pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults. *See* 20 U.S.C. § 1078(a),(c). This program is presently known as the Federal Family Education Loan Program (FFELP).

6.  To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C. §1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. *See* 20 U.S.C. § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *See* 20 U.S.C. § 1078(c)(2). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. *See* 20 U.S.C. § 1078(c)(2)(D).

7.  To assist the Secretary and the guaranty agencies in collecting defaulted student loans, Congress gave guaranty agencies the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a. This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order. *See* 20 U.S.C. § 1095a(a), (b); 34 C.F.R. § 682.410(b)(9). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C. § 1095(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(F).

8.  ECMC is a guaranty agency under the FFELP.

9.  Adolfo C. Capone ("Borrower") owes a student loan debt to ECMC that is in default.

10. At all times relevant herein the Borrower was employed by the Defendant.

11. As to the Defendant, a Ms. Rose Capone holds all of the corporate offices and the address for both the Defendant and Rose Capone is 30 Melody Lane, Waltham, Massachusetts.

12. Upon information and belief the Borrower also resides at 30 Melody Lane, Waltham, Massachusetts.

13. Upon information and belief, the Borrower and said Rose Capone are married.

14. On November 12, 2009, ECMC served the Borrower with the required thirty (30) day Notice Prior To Wage Withholding. A true and correct copy of the Notice is attached as Exhibit A.

15. Because no hearing was requested under 20 U.S.C. § 1095a(a)(5)(b), ECMC issued a Withholding Order on December 16, 2009. A true and correct copy of the Withholding Order is attached as Exhibit B.

16. The Defendant did not contact ECMC regarding the Withholding Order, and the Defendant did not remit any of the Borrower's wages in accordance with the Withholding Order. Therefore ECMC sent Defendant a Second Notice on January 29, 2010, requesting compliance with the Withholding Order. A true and correct copy of the Second Notice is attached as Exhibit C.

17. On June 18, 2010, ECMC sent the Defendant a demand letter further requesting compliance with the Withholding Order. A true and correct copy of the letter is attached as Exhibit D.

18. Subsequently ECMC and the Defendant entered into a settlement agreement ("Agreement") to resolve the Defendant's obligations under the Withholding Order. A true and correct copy of the Agreement is attached as Exhibit E.

19. Under the Agreement the Defendant agreed to abide by the terms of the Withholding Order and to garnish and timely forward 15% of the Borrower's wages directly to ECMC, however the Defendant subsequently stopped making such payments and the Defendant has not responded to any attempts by ECMC to resolve this matter.

20. The Witholding Order remains in full force and effect and the Defendant is not complying with the terms of the Witholding Order.

## VIOLATION OF 20 U.S.C. § 1095a

21. Based on the foregoing, Defendant is in violation of 20 U.S.C. § 1095a, which provides that guaranty agencies, such as ECMC, may administratively garnish up to fifteen percent (15%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to the borrower's employer.

22. Because the Defendant has failed to comply with the Withholding Order the Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts he failed to withhold following receipt of the Withholding Order.

23. The amount due to ECMC is fifteen percent (15%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this court enters judgment.

24. Pursuant to 20 U.S.C. § 1095a(a)(6), ECMC is entitled to its' attorneys' fees and costs associated with pursuing this action and, in the court's discretion, punitive damages.

## INJUNCTION

25. Based on the Defendant's continuing refusal to comply with the terms of the Withholding Order, ECMC seeks a mandatory injunction requiring the Defendant to withhold and remit fifteen percent (15%) of Borrower's disposable earnings, or the amount required under 15 U.S.C. § 1673, if less, until the Borrower's student loan debt is paid in full or the Borrower terminates his/her employment with Defendant, whichever occurs earlier.

26. ECMC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. § 1095a by the Defendant and, thus, is entitled to injunctive relief in addition to damages for Defendant's past violations.

WHEREFORE, ECMC respectfully requests this Court grant ECMC:

1. An injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to ECMC until Borrower's defaulted student loan debt is either paid in full or he/she no longer works for Defendant;

2. Damages in the amount that Defendant should have withheld from Borrower's wages;

3. Attorneys' fees and costs;

4. Punitive damages;

5. Pre and post-judgment interest on this amount, as allowed by law; and,

6. Such other relief as the Court deems appropriate.


Respectfully submitted,
Educational Credit Management Corporation,

/s/ John F. White
John F. White, Esq. BBO# 558367
jwhite@lipmanwhite.com
Lipman & White
171 Rockland Street, Ste. 201
Hanover, MA 02339
Tel. (617) 328-5600

# EXHIBIT A

November 12, 2009

ADOLFO C CAPONE
30 MELODY LN
WALTHAM, MA 02451-1327



**RE:** Defaulted Student Loan(s)
**SSN:** XXX-XX-4931
**TOTAL AMOUNT CURRENTLY OWING:** $ 34,505.88
(This amount includes principal, interest and projected collection costs.)

## NOTICE PRIOR TO WAGE WITHHOLDING

You are given notice that Educational Credit Management Corporation (ECMC), pursuant to Federal Law (Public Law 102-164, as amended by Public Law 109-171; 20 U.S.C. § 1095a et seq.), will order your employer to immediately withhold money from your pay (a process known as "wage garnishment") for payment of your defaulted student loan(s) unless you take the action set forth in this Notice.

You must establish a written repayment agreement with ECMC within thirty (30) days of the date of this Notice. Otherwise, ECMC will proceed to collect this debt through deductions from your pay.

Unless you act within thirty (30) days of the date of this Notice, your employer will be ordered to deduct from your wages an amount equal to no more than fifteen percent (15%) of your disposable pay for each pay period, or the amount permitted by 15 U.S.C. 1673 (unless you give ECMC written consent to deduct a greater amount) to repay your student loan(s) held by ECMC.

Disposable pay includes pay remaining after all deductions required by law have been withheld (such as social security, federal and state income taxes). Your employer will be ordered to deduct this amount no later than the first pay period which occurs after the date on which the Order of Withholding was issued, and will be ordered to deduct this amount each time you are paid until your debt is paid in full. **This is an attempt to collect a debt. Any information obtained will be used for that purpose.**



# EXHIBIT B

AL CAPONE DOWNTOWN CROSSING
82 SUMMER ST
ATTN: PAYROLL
BOSTON, MA 02110-

## ORDER OF WITHHOLDING FROM EARNINGS

THIS ORDER OF WITHHOLDING IS ISSUED ON:  December 16, 2009

Pursuant to authority granted Educational Credit Management Corporation (ECMC) by Federal Law (20 U.S.C. 1095a; 34 C.F.R. § 682.410(b)(9)), you, the employer of a student loan borrower who has defaulted on federally insured student loan(s), are hereby ordered to withhold wages from the employee's disposable pay. This Federal Law expressly preempts all state laws governing wage garnishment.

You are required to deduct and forward to ECMC for payment of defaulted student loan(s) fifteen percent (15%) of the employee's disposable pay for each pay period or the amount permitted by 15 U.S.C. 1673. This withholding shall continue until you receive notice from ECMC that the Order is released.

All withholding payments must reference the employee's name and social security number.

**EMPLOYEE:**
ADOLFO C CAPONE
30 MELODY LN
WALTHAM, MA 02451-1327
████-4931

Total Amount Currently Due:  $34,574.74

Garnishment of the above referenced employee must begin on the first pay period following the receipt of this Order. Wages must be withheld each regular pay day and remitted no less frequently than once each month.
Remit withholdings payable to ECMC at the following address:

ECMC
Lockbox #7096
P.O. BOX 75848
ST. PAUL, MN 55175-0848

ECMC Federal Tax I.D. #: 41-1778617

If you fail to comply with this Order, pursuant to 20 U.S.C. 1095a(a)(6), ECMC may sue you in state or federal court to recover from you any amount that you failed to withhold, as well as attorney fees, litigation costs, and at the court's discretion punitive damages.

Please complete and return the enclosed *Employer Acknowledgment of Wage Withholding* form to our office within ten (10) business days.

If you have any questions regarding this matter, please call 1-800-780-7997 or (651) 221-0037.

EDUCATIONAL CREDIT MANAGEMENT CORPORATION

Enclosure:  AWG Handbook for Employers

# EXHIBIT C

Case 1:13-cv-11102-RBC   Document 1   Filed 05/03/13   Page 9 of 17

January 29, 2010

AL CAPONE DOWNTOWN CROSSING
82 SUMMER ST
ATTN: PAYROLL
BOSTON, MA 02110-

RE: Student Loan(s) of ADOLFO C CAPONE
SSN\LOAN #: ▆▆▆▆4931
BALANCE: $34,663.84
ECMC FEDERAL TAX I.D. #: ▆▆▆▆▆▆▆

## SECOND NOTICE OF ORDER OF WITHHOLDING FROM EARNINGS

Dear Director of Payroll:

Educational Credit Management Corporation (ECMC) previously issued an Order of Withholding requiring the employer to withhold a percentage of the above-mentioned debtor's wage for payment of a defaulted student loan(s). Our records indicate this company employs this debtor.

ECMC's records reflect that as of the date of this Second Notice, we have not received the wage withholding payments the Order of Withholding requires the employer to make.

This Second Notice of Order of Withholding from Earnings is issued on January 29, 2010. If you have any questions regarding the Second Notice of the Wage Withholding process, call ECMC at 1-800-780-7997 or (651) 221-0037.

Under Federal law, ECMC may sue any employer who fails to withhold wages after receipt of an Order of Withholding. If ECMC is forced to file suit, it is entitled to seek not just the amount an employer fails to withhold, but also attorney fees, costs, and punitive damages.

Unless your withholding payment is received by ECMC within thirty (30) days after the issuance of this Second Notice, ECMC must review the matter for legal action.



# EXHIBIT D

June 18, 2010

**ECMC**
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

ECMC is an ECMC Group company.

<u>VIA CERTIFIED MAIL</u>
7002 3150 0001 9125 2778

Al Capone Downtown Crossing
82 Summer St
Boston, MA 02110

Order of Withholding from Earnings for Adolfo C. Capone

Please be advised that Educational Credit Management Corporation ("ECMC") is prepared to file a lawsuit against Al Capone Downtown Crossing for failure to comply with the Order of Withholding from Earnings ("Order"), which was mailed to you on December 16, 2009. A copy of the Order is enclosed.

Pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b) (9), you are required to remit fifteen percent (15%) of Adolfo C. Capone's disposable income, or a lesser amount if required by 15 U.S.C. § 1673. To date, notwithstanding repeated notices, you have refused to comply with the law. Accordingly, ECMC has retained local counsel and is prepared to file a lawsuit against you to recover all amounts you have failed to withhold, plus attorney fees, costs and if warranted punitive damages as authorized by 20 U.S.C. § 1095a(a)(6).

You must contact me by July 8, 2010 to make acceptable arrangements regarding the above-referenced Order. Failure to do so will result in appropriate legal action being taken against you. I look forward to hearing from you regarding the informal resolution of this matter. You may contact me by phone at 800.276.0366, extension 3252, or via e-mail at tgunderman@ecmc.org.

Sincerely,

Troy Gunderman
Associate Attorney

Enclosure

7325 Beaufont Springs Drive, Suite 200, Richmond, VA 23225 / 804.267.7100 / 804.267.7159 Fax / 804.267.7104 TDD/TTY
1500 Valley River Drive, Suite 190, Eugene, OR 97401 / 541.984.2450 / 541.984.2468 Fax / 541.984.2469 TDD/TTY
1 Imation Place, Building 2, Oakdale, MN 55128 / 651.221.0566 / 651.325.3495 Fax / 651.325.3035 TDD/TTY / www.ecmc.org

# EXHIBIT E

## ADMINISTRATIVE WAGE GARNISHMENT
## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into between EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC") for itself, its predecessors, successors and assigns, agents, employees, officers, directors and affiliates, on the one hand, and FIRST CAPONE V, INC. d/b/a AL CAPONE DOWNTOWN CROSSING ("CAPONE"), for itself, its predecessors, successors and assigns, agents, employees, officers, directors and affiliates, on the other hand.

### RECITALS

A. ECMC is a student loan guaranty agency under the Federal Family Education Loan Program, 20 U.S.C. § 1071 *et. seq.* ECMC is the current owner and holder of student loans held by ~~Daniel Trujillo~~ Adolfo Capone ("Borrower").

B. As a guaranty agency, ECMC is authorized to issue withholding orders that require an employer to garnish up to fifteen percent (15%) of a borrower's disposable income pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b)(9).

C. Adolfo C. Capone ("Borrower") was an employee of CAPONE.

D. On 11/12/09, ECMC served the Borrower with a Notice Prior to Wage Withholding. ECMC issued on 12/16/09 an Order of Withholding From Earnings ("Order") to CAPONE directing that Borrower's wages be garnished.

E. Pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b)(9), CAPONE's obligation to remit to ECMC as directed in Order continues until the Borrower's student loans are paid in full or the Borrower ceases to be employed by CAPONE.

F. The parties wish to settle and compromise, all claims, actions, causes of action, disputes or potential disputes between them.

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing and the mutual promises and agreements made herein, and for additional consideration, the receipt and sufficiency of which is hereby admitted, ECMC and CAPONE stipulate and agree as follow:

1. <u>Settlement Amount</u>. CAPONE agrees to pay ECMC the total amount of $1,962.49, submitted to the Law Offices of Topkins & Bevans as follows.

   a. CAPONE shall make one check payable to the "Topkins & Bevans" in the amount of $996.83 for attorneys' fees and costs in this matter. This sum will have no impact on Borrower's student loan balance.

    b.    CAPONE shall make a second check payable to "ECMC" in the amount of $965.66. This amount will be in full satisfaction of all amounts CAPONE was obligated to withhold pursuant to the Order of 12/16/09 through October 1, 2010.

    c.    CAPONE agrees to abide by the terms of the Order and to hereafter to garnish and timely forward 15% of the Borrower's wages directly to ECMC, all as set forth in the Order. A copy of the Order is attached hereto and incorporated herein by reference.

    d.    ECMC and CAPONE will release and forever discharge each other from any and all claims, demands, liabilities, damages, actions or causes of action which arise out of, or may be based upon, related to or connected with this matter which either ECMC or CAPONE has ever had up to the date of this Agreement. Nothing in this Agreement prevents ECMC from pursuing any and all available damages or remedies for matters subsequent to the date of this Agreement, including but not limited to CAPONE's subsequent failure, if any, to comply with the Order.

2.    <u>Miscellaneous Provisions</u>. The following provisions govern the interpretation, execution, delivery and enforceability of this Agreement:

    a.    <u>Full and Final Agreement</u>. This Agreement contains and constitutes the entire agreement among the parties, and terminates and supersedes all prior or contemporaneous representations, promises, inducements or communications, whether oral or written, regarding the subject matter of this Agreement.

    b.    <u>Modification or Amendment</u>. No provision of this Agreement may be amended, modified, or waived except in express writing duly signed by the party against whom such amendment, modification or waiver is asserted.

    c.    <u>Binding Effect of Agreement</u>. The statements, representations, agreements and covenants contained herein are contractual in nature and not mere recitations of fact. The agreements and covenants set forth herein shall be binding and shall inure to the benefit of the parties and their respective heirs, successors, assigns and representatives, as the case may be, and shall survive execution of this Agreement.

    d.    <u>Execution by Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original for all purposes, and which together shall constitute only one instrument.

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement as of the date set forth below.

                                                      EDUCATIONAL CREDIT
                                                     MANAGEMENT CORPORATION

Dated: October 14, 2010.                          By _____
                                                     Troy Gunderman
                                                      Associate Attorney

                                                  FIRST CAPONE V, INC. d/b/a AL
                                                 CAPONE DOWNTOWN CROSSING

Dated: October 8, 2010.                           By: _____
                                                     Rose Capone
                                                     President and Treasurer

AL CAPONE DOWNTOWN CROSSING
82 SUMMER ST
ATTN: PAYROLL
BOSTON, MA 02110-

## ORDER OF WITHHOLDING FROM EARNINGS

THIS ORDER OF WITHHOLDING IS ISSUED ON:   December 16, 2009

Pursuant to authority granted Educational Credit Management Corporation (ECMC) by Federal Law (20 U.S.C. 1095a; 34 C.F.R. § 682.410(b)(9)), you, the employer of a student loan borrower who has defaulted on federally insured student loan(s), are hereby ordered to withhold wages from the employee's disposable pay. This Federal Law expressly preempts all state laws governing wage garnishment.

You are required to deduct and forward to ECMC for payment of defaulted student loan(s) fifteen percent (15%) of the employee's disposable pay for each pay period or the amount permitted by 15 U.S.C. 1673. This withholding shall continue until you receive notice from ECMC that the Order is released.

All withholding payments must reference the employee's name and social security number.

**EMPLOYEE:**
ADOLFO C CAPONE
30 MELODY LN
WALTHAM, MA 02451-1327
███████-4931

Total Amount Currently Due:   $34,674.74

Garnishment of the above referenced employee must begin on the first pay period following the receipt of this Order. Wages must be withheld each regular pay day and remitted no less frequently than once each month.
Remit withholdings payable to ECMC at the following address:

ECMC
Lockbox #7096
P.O. BOX 75848
ST. PAUL, MN  55175-0848

ECMC Federal Tax I.D. #: 41-1778617

If you fail to comply with this Order, pursuant to 20 U.S.C. 1095a(a)(6), ECMC may sue you in state or federal court to recover from you any amount that you failed to withhold, as well as attorney fees, litigation costs, and at the court's discretion punitive damages.

Please complete and return the enclosed *Employer Acknowledgment of Wage Withholding* form to our office within ten (10) business days.

If you have any questions regarding this matter, please call 1-800-780-7997 or (651) 221-0037.

EDUCATIONAL CREDIT MANAGEMENT CORPORATION

Enclosure:  AWG Handbook for Employers

